L. D. KEYS, Appellee, v. A. GARBEN, Appellant.

**Mechanic's liens:** ENFORCEMENT: PERFORMANCE OF CONTRACT. A building contractor may recover for repairs either by showing substantial compliance with the contract, or if he abandons the contract or fails to show compliance he may recover for benefits conferred upon *quantum meruit;* but if he relies upon an express contract but fails to show substantial compliance, the value of labor and material furnished, or actual benefit to the building, he is not entitled to recover.

*Appeal from Polk District Court.*—HON. HUGH BRENNAN, Judge.

MONDAY, NOVEMBER 21, 1910.

SUIT in equity for the establishment and foreclosure of a mechanic's lien. Decree for plaintiff for the amount claimed, and defendant appeals—*Reversed* and *remanded.*

*W. T. Maxey,* for appellant.

No appearance for appellee.

DEEMER, C. J.—Defendant was and is the owner of a house in the city of Des Moines, and plaintiff was and is a carpenter or contractor. On October 17, 1907, plaintiff entered into a verbal contract with defendant for repairing the house in question at the agreed price of $214. By the terms of the contract plaintiff was to raise the house and level the floors, which had sagged. He entered upon the performance of his contract, furnished certain material, and did labor upon the building; and, defendant refusing to pay, plaintiff brought this action. Defendant

denied that plaintiff performed his contract, and he also pleaded a counterclaim for damages growing out of plaintiff's failure to comply with the terms of his contract. On plaintiff's motion, parts of defendant's counterclaim were stricken, and exception taken. The case is before us for trial *de novo* on the issues joined, and we are called upon to decide it without an argument for appellee.

The questions presented are purely of fact. Our conclusion, after carefully reading the entire record, is that the trial court was in error in rendering the decree it did. The preponderance of the testimony shows that plaintiff did not comply with the terms of his contract. Indeed, we are constrained to hold that he did not even substantially comply with it, but, on the contrary, for some reason not disclosed, did the work in an imperfect, unworkmanlike, careless, and negligent manner, and conferred no real benefit upon defendant's property. The great preponderance of the testimony shows that the property is not in as good condition as when plaintiff commenced his work. In order to recover, plaintiff must show a substantial compliance with the terms of his contract, or that he did work upon, or furnished materials for, the building, which were of real and substantial benefit. If he relies upon an express contract, he must show substantial compliance with the terms thereof; or if he abandons the contract, or fails to show substantial compliance, and seeks to recover upon *quantum meruit,* he can only recover for benefits conferred. In the instant case he relied upon an express contract, but failed to show substantial compliance. He failed to show the actual value of the labor performed and material furnished, or any actual benefit to the building. Defendant showed affirmatively no benefit, and that the final result was, if anything, a disadvantage to the building. He did not show by competent testimony any such damage as could be allowed on his counterclaim.

On the whole record as presented to us, we think

there should have been a decree dismissing plaintiff's petition, and also the defendant's counterclaim. The case will be remanded, for a decree in harmony with this opinion. —*Reversed* and *remanded.*