### BREDE v. ROSE.

1. MECHANICS' LIENS—COMPLIANCE WITH CONTRACT.

In a suit for the enforcement of a mechanic's lien for work done and materials furnished in part performance of a contract, the conclusion of the court below that, to the extent the work was performed and the materials furnished, they complied with the specifications of the contract, and that, therefore, defendant was not justified in terminating it, *held*, sustained by the record.

2. SAME — BREACH OF CONTRACT—RECOVERY FOR OVERHEAD AND PROFITS MAY BE HAD UNDER PROPER PLEADINGS AND PROOFS.

Under 3 Comp. Laws 1915, § 14808, plaintiffs, in a suit for the enforcement of a mechanic's lien, under proper pleadings and proofs, would be entitled to recover at the contract price, including overhead expenses and profits, for the part actually performed, where prevented from completely performing on their part by default of defendant.

Mechanics' Liens 40 C. J. §§ 683, 734 (Anno).

3. SAME—WHERE CASE TRIED ON THEORY OF QUANTUM MERUIT
RECOVERY FOR OVERHEAD AND PROFITS PRECLUDED.

> Where plaintiffs' bill was filed on the theory that they
> were entitled to recover upon a *quantum meruit* for the
> work done and material furnished under a contract up
> to the time of its breach by defendant, and there was no
> evidence from which could be determined the value of the
> work done and materials furnished in proportion to the
> contract price for the whole, they are precluded from re-
> covering for overhead expenses and prospective profits,
> although these were included in the contract price.

Appeal from Wayne; Hawley (Royal A.), J., presiding. Submitted October 19, 1926. (Docket No. 5.) Decided December 8, 1926. Rehearing denied February 4, 1927.

Bill by J. Conrad Brede and others, copartners as Brede & Schroeter, against Albert A. Rose and others to foreclose a mechanic's lien. From a decree for plaintiffs, defendants appeal. Modified and affirmed.

*Corliss, Leete & Moody,* for plaintiffs.

*Monaghan, Crowley, Reilley & Kellogg,* for defendants.

McDONALD, J. This bill was filed to foreclose a mechanic's lien against the property of defendant Rose. The lien filed showed a claim of $1,745.12 for labor and material furnished by the plaintiffs in painting and decorating the defendant's dwelling house. A decree was entered in the court below in favor of the plaintiffs for that amount.

In January, 1922, the parties entered into a written contract wherein it was provided that the plaintiffs should be paid $4,400 for painting and decorating the defendant's house according to certain specifications. A controversy arose over the manner in which the work was being performed, and on April 5th the defendant locked the premises against the plaintiffs and re-

fused to allow them to complete the contract. The defendant asserts that he was justified in taking such action because the work was not being done in a workmanlike manner, and that, though he constantly notified the plaintiffs, they refused to perform as specified in the contract. He also claims that because of the default of the plaintiffs he was compelled to complete the work at a cost exceeding the contract price, and in a cross-bill he asks that the plaintiffs be required to come to an accounting and pay the excess cost. On the hearing of the cause the trial court found against the claims of the defendant and entered a decree allowing the plaintiffs the full amount claimed in their lien. From this decree the defendant has appealed.

In an opinion filed as a basis for his decree, the circuit judge reviews the testimony and reaches the conclusion that, to the extent the work was performed and the materials were furnished, they complied with the specifications of the contract, and that therefore the defendant was not justified in terminating it. We are not disposed to disturb his findings. From our examination of the record we are fully satisfied that he reached a correct conclusion.

The only question which seems to require discussion relates to the amount of the lien as fixed by the decree. In determining the amount, the circuit judge included, in addition to the actual cost of the work performed and a fair value of the materials furnished, a substantial allowance for profits and for overhead expenses. The defendant was charged with $1,379.38 for labor and $317.71 for material, making a total of $1,697.09. To this was added $565.69 for overhead in operating the plaintiffs' business, and $282.34 for prospective profits, making a total of $2,545.12, on which the defendant was credited with a payment of $800, leaving a balance of $1,745.12, which was the amount of the lien allowed by the court.

The question is, Are the plaintiffs entitled to a lien for overhead and profits, or are they limited to the fair value of the materials furnished and the labor performed? In making their bid for the whole job the plaintiffs included a certain percentage for overhead expenses in operating their general business, and an additional percentage for profits on the actual cost of the work. These items were included in the price which the defendant agreed to pay. There is no doubt but that under our statute (3 Comp. Laws 1915, § 14808), when the plaintiffs were prevented from completely performing on their part by the default of the defendant, they were entitled to recover at the contract price for the part actually performed. But that was not the theory on which the case was tried. Consequently there is no evidence from which we could determine the value of the work performed and materials furnished in proportion to the contract price for the whole. The record does not show how much was charged in the contract price for overhead and profits. Moreover, this is not a case where a party is seeking to recover damages for breach of contract. The theory of the bill is that the contract has been rescinded and that they are entitled to recover upon a *quantum meruit* for the work done and materials furnished up to the time of the breach. We think that the pleadings and the proofs preclude the plaintiffs from recovering for overhead expenses and prospective profits. In view of this conclusion, there should be deducted from the amount of the lien fixed by the trial court the sum of $848.03 erroneously allowed for overhead and profits. This would leave a balance of $897.09 due to the plaintiffs for which they are entitled to a lien.

With this modification the decree of the circuit court is affirmed. The defendant will have costs.

BIRD, C. J., and SHARPE, SNOW, STEERE, FELLOWS, WIEST, and CLARK, JJ., concurred.