LATHER *v.* SCHOOL DISTRICT NO. 1, FAYETTE TOWN-
SHIP, HILLSDALE COUNTY.

1. SCHOOLS AND SCHOOL DISTRICTS—INDEPENDENT CONTRACTORS —
   CONTRACT FOR CONSTRUCTION OF SCHOOL BUILDING.
   Under a contract by which the contractors were to erect
   a school building on a guaranteed cost and fixed fee plan,
   the school board having no right to control the action of
   the contractors, they were independent contractors rather
   than agents of the district.

2. SAME—RIGHT TO CANCEL CONTRACT WAS OPTIONAL AND NOT
   EXCLUSIVE REMEDY—WAIVER.
   A stipulation in a contract for the construction of a
   school building on a guaranteed cost and fixed fee plan,
   which authorized the school board to cancel the contract
   on it appearing that the cost of construction would exceed
   the contract price, was an optional privilege and not an
   exclusive remedy, and the failure of the board to exercise
   it did not constitute a waiver of its right to insist on per-
   formance of the contract by the contractors according to
   its terms.

3. SAME—OMITTED ITEMS INCLUDED IN SPECIFICATIONS COULD BE
   SET OFF AGAINST EXTRAS.
   In an action by the contractors on a contract for the con-
   struction of a school building on a guaranteed cost and
   fixed fee plan, consent by the school board to the omission
   of certain items provided for in the specifications, when
   it became apparent that the cost, exclusive thereof, would
   exceed the contract price, would not prevent the board from
   making claim for them as a set-off to the contractors'
   claim for extras.

4. SAME—ORAL AGREEMENTS MODIFYING WRITTEN CONTRACT BIND-
   ING.
   Oral agreements between the contractors and the school
   board, entered into after the written contract for the con-
   struction of the school building was executed, for the
   omission of certain items provided for in the specifications

For authorities discussing the question as to who is an in-
dependent contractor, see annotation in 65 L. R. A. 445; 17
L. R. A. (N. S.) 371; 19 A. L. R. 236, 253; 14 R. C. L. 67 *et
seq.;* 3 R. C. L. Supp. 164-167; 4 R. C. L. Supp. 869; 5 R. C. L.
Supp. 738; 6 R. C. L. Supp. 792; 7 R. C. L. Supp. 447.

and the addition of 'certain extras, are permissible and binding.

5. SAME — CONTRACTORS ON FIXED FEE PLAN NOT ENTITLED TO COMMISSION ON EXTRAS ENTAILING NO ADDITIONAL COST TO THEM.

Contractors building a school house on a guaranteed cost and fixed fee plan were not entitled to a commission on extras to which they consented, where no additional expense in the way of overhead or supervision was entailed.

6. SAME — CONTRACTORS ENTITLED TO ALLOWANCE FOR PREMIUM PAID FOR WORKMEN'S COMPENSATION INSURANCE WHERE CONTRACT PROVIDED BOARD SHOULD PAY FOR SAME.

Where the contract provided that the school board should pay the insurance premium for protection under the workmen's compensation act, the contractors, who were required to pay same, were entitled to have it included in the balance due them from the board.

Error to Hillsdale; Hawley (Royal A.), J., presiding. Submitted April 4, 1928. (Docket No. 26, Calendar No. 33,420.) Decided June 4, 1928.

Assumpsit by George Lather and others, copartners as George Lather & Sons, against School District No. 1, Fayette township, Hillsdale county, for a balance due on a building contract. Judgment for plaintiffs for less than amount claimed. They bring error. Modified and affirmed.

*Dunham & Cholette* (*Stuart E. Knappen,* of counsel), for appellants.

*Victor Hawkins,* for appellee.

SHARPE, J.    The school building in the village of Jonesville, in defendant district, was destroyed by fire in April, 1923. Bids for a new building according to plans and specifications prepared by an architect were advertised for, and, when received, were all rejected

because of lack of funds to pay the cost of construction. The lowest bid, about $119,000, was submitted by plaintiffs, a firm of contractors at Traverse City. The specifications were then somewhat changed, and new bids invited and submitted by plaintiffs and others. Plaintiffs' bid, $99,420, was again the lowest, but still more than the district could pay. George Lather, of plaintiffs' firm, then, at the request of the board, went to Jonesville, and, after a conference in which the details of the specifications were considered and some alterations agreed upon, a contract was prepared and executed by the parties. In the opening paragraph it was stated that "this agreement being on what is known to the parties as the guaranteed cost and fixed fee plan." In it the plaintiffs agreed to "purchase all materials and supplies   *   *   *   at the price and on conditions most favorable to the board," the orders therefor to have the "approval of the board in writing." Certain changes in the plans and specifications which had been made by the architect were noted. The provisions concerning which there is dispute will be hereafter referred to. When the building was substantially completed, a dispute arose as to the amount due plaintiffs under the contract, resulting in this action. The case was tried by the court without a jury. Findings of fact and conclusions of law were made and filed, to which amendments were proposed and exceptions taken by plaintiffs' attorneys. The court concluded that plaintiffs were entitled to recover $372, and judgment was entered therefor. They seek review by writ of error.

1. Nature of the Contract. The nature of the services rendered by plaintiffs under this contract was considered by us in *Travelers Insurance Co.* v. *School District, post,* 97, and it was there held that plaintiffs herein were independent contractors, and not employees of the defendant. The records in both cases

were there considered. It is unnecessary to again discuss that question as the holding in that case meets with our approval.

2. Cancellation.     Paragraph 9 of the contract reads as follows:

"In case it becomes apparent to the board and architect that the contractor is not carrying on the requirements of this contract on his part in such a manner as to enable the board to complete the same for the amount of money herein specified, or within the time herein required, and upon filing of the certificate of the architect to that effect, the board shall have the right to cancel this contract and take such further steps for the completion of said building as it may deem advisable and shall pay the contractor such portion of his fee as shall have been at that time earned as certified to by the architect; and this contract shall thereupon be deemed to be at an end and neither the said contractor nor the board nor any member thereof, shall be, in any way, liable thereunder."

Plaintiffs' counsel insist:

"That defendant's remedy, if it had one, was provided in paragraph nine of said contract and is an exclusive remedy; that said remedy not having been adopted, defendant has waived any claim to damages, if it ever had any."

On this issue the court found:

"(4) The stipulation in the contract authorizing the board of education to terminate the contract in case it appears at any time that the cost of the construction would exceed the contract price makes provision for an additional safeguard for defendant to be exercised at its option and not an exclusive or mandatory remedy. Nor does it in any way militate against any defense now asserted by defendant."

The additional cost of the building, aside from the extras which were furnished at defendant's request, and with which it is chargeable, was not due to any radical change in the plan of the construction of the

building. Had the defendant's officers closely checked the moneys being expended, they would doubtless have discovered before September that the cost, excluding the extras, would exceed the contract price. It had, however, the right to rely on plaintiffs' undertaking as to the cost. We conclude, as did the trial court, that the privilege secured to defendant under paragraph 9 was an optional one, and that its failure to exercise it in no way waived its right to insist on performance of the contract by plaintiffs according to its terms.

3. Extras. At a meeting of the board on September 8th, at which one of the plaintiffs was present, the matter of extras was discussed, and the plaintiffs were requested to furnish defendant with a statement of the extras installed which they claimed had occasioned the additional cost of construction. Plaintiffs thereupon prepared and mailed to defendant a list thereof, consisting of 24 items, amounting in all to $15,702.38. The trial court found that the "aggregate value of the extra work and material is the sum of $11,978.68." He charged defendant with this amount in addition to the contract price of $85,000, making a total of $96,978.68. He found that the amount paid by it for material and labor, including $1,000 to plaintiffs, was $92,312.46, and that the amount reasonably required to complete the building would be the sum of $3,551, and that there were unpaid bills for material amounting to $743, in all $96,606.26. The difference between these amounts, $372.42, was that for which he entered judgment. To this finding the plaintiffs prepared an amendment, stating that the only sums "properly chargeable" to complete the building "total $434."

The items which make up the sum of $3,551 are not stated in the findings, nor do counsel call our attention to the testimony relating to them. We have, however, examined the proof submitted relating to them. The

principal items were apparently the cost of the mastic floors, $2,136, and the installation of three dumb waiters, $900, which were provided for in the specifications.    Plaintiffs object to these allowances because they "were omitted at the request of defendant or its officers in order to save mounting expense."    When it became apparent to the board that the cost, excluding the extras, would exceed the contract price, its consent to such omission would not prevent it from making claim therefor as a set-off to plaintiffs' claim for extras.    We are satisfied that the allowance for completing the building was well within the proofs submitted.

We have examined the testimony bearing on the claims for extras which were disallowed, and find that the proofs support the finding made relative to them.

4. Waiver.    Plaintiffs contend:

"That whatever the requirements of said contract may have been, they were each and all waived by defendant and that defendant had power to so do."

That the contract was modified in certain respects by the changes made with the consent and acquiescence of the school board is clearly established.    Without passing upon the authority of the board, acting for the defendant, to bind it thereby, it may be said that oral agreements of this nature, entered into after the written contract was executed, are permissible and binding.    *Strom-Johnson Construction Co.* v. *Furniture Store,* 227 Mich. 55, 67.    The defendant is not seeking to hold the plaintiffs to a performance of the contract except as so modified.    We find no consent or acquiescence on the part of the officers which would relieve the plaintiffs from their undertaking to construct this building for the amount fixed in the contract, with an allowance added thereto for the extras agreed upon, and no intentional relinquishment of

their right to insist upon performance according to the terms of the contract as so modified.

5. Commission on Extra Work.     Plaintiffs insist that, if this contract be construed to be one of guaranteed cost, they—

"are entitled to a commission for their services in overseeing and supervising all of the extra work."

It clearly appears that they consented to the changes made, and, while these changes increased the cost of the building to the defendant, in view of the fact that they entailed no additional expense upon the plaintiffs in the way of overhead or supervision, we think the charge therefor was properly disallowed.     *Brede v. Rose,* 236 Mich. 651.

6. Insurance.     As stated in the *Insurance Company Case,* the contract provided that the board should pay the insurance premium for protection under the workmen's compensation act.     In that case we denied the right of the company to recover the amount thereof, $1,093, from the defendant.     Counsel insist that it should have been allowed to plaintiffs.     Defendant's counsel say that no claim was made for it.     The absence of a finding relative to it is doubtless accounted for by the pendency of the insurance company's action to collect it.     As the plaintiffs must pay for this insurance under our holding in that case, it is but fair, and will save further litigation, that it be allowed to plaintiffs here.

The record will be remanded with directions to the trial court to increase the amount of the judgment in that sum, and, as so modified, it will be affirmed, with costs to defendant.

FEAD, C. J., and NORTH, FELLOWS, WIEST, CLARK, MCDONALD, and POTTER, JJ., concurred.