284 P.2d 455

Michael A. PARKER and Grace L. Parker, his wife, Appellants,

v.

T. C. HOLMES, Appellee.

No. 5876.

Supreme Court of Arizona.

May 31, 1955.

Jennings, Strouss, Salmon & Trask, Phoenix, for appellants.

Moore & Romley, Phoenix, for appellee.

UDALL, Justice.

The judgment which is here reviewed was entered in a suit in the court below to foreclose a lien for labor and materials, under Section 62–201 et seq., A.C.A.1939, furnished by plaintiff-appellee T. C. Holmes to defendants-appellants Michael A. Parker et ux. in the construction of a drive-in theater. The parties will be referred to as plaintiff and defendant. The lower court found that defendant was indebted to plaintiff in the principal sum of $14,550 plus interest and costs, which sums were decreed to be a personal obligation of the defendant and also a lien on the real estate involved. The lien was ordered foreclosed and special execution directed to issue. Supersedeas bond was given and this appeal followed.

The plaintiff was a licensed contractor during the time covered by the controversy, and the defendant was the owner of a parcel of real estate at 3700 West Van Buren Street, Phoenix, Arizona, upon which he desired to construct a drive-in theater. The parties entered into a written contract on November 8, 1950, whereby plaintiff agreed to grade and surface the area on both sides of a moving picture screen. We deem it unnecessary to set out the contract haec verba—it was obviously drawn by a layman—suffice it to say that the contract price for the completed job of grading, rolling and compacting with a topping of two inches of granite covered with emulsified asphalt sealed with sand, was 48½¢ per sq.

yd. and the yardage was estimated at approximately 80,000 sq. yds. Some difficulties arose between the parties, and on or about December 15, 1950, plaintiff quit the job under circumstances which the trial court held amounted to a termination by mutual consent. No issue is now made of this finding.

The notice and claim of lien filed by plaintiff was for $16,300 for labor and materials. The principal items were a claim for grading 80,000 sq. yds. at 18¢ per sq. yd. and a claim for 900 yds. of granite at $2 per yd.

At the trial plaintiff produced several witnesses, estimators of well-known local contracting firms, to testify as to what, in their opinion, was the "reasonable value" of the work done by plaintiff. Their figures on the grading ranged from 18¢ to 27¢ per sq. yd. The defendant's experts, on the other hand, placed the reasonable value of the grading at 10¢ per sq. yd.

In rendering its judgment the learned trial court, in the main, accepted plaintiff's evidence and that of his experts who testified as to the "reasonable value" of the work performed. Defendant was denied recovery on his counterclaim for damages for wrongful abandonment of the contract and defective performance, and he has not cross-appealed therefrom.

The factual basis for defendant's sole assignment of error and proposition of law (hereinafter set forth) arises from a pretrial examination of plaintiff's books and records, which records defendant asserts reveal the actual costs of labor and material. A recapitulation of these records, admitted in evidence as defendant's exhibit No. 1, showed on its face a total cost of $11,998.65. However, defendant contends that by cross-examination of plaintiff he established certain duplications therein, which when eliminated reduce the actual cost to $6,208.65.

Defendant's sole assignment of error is:

"The court erred in fixing the reasonable value of the work done at * * * $14,400.00, for the reason that the plaintiff's own testimony established that the actual cost of the work was the sum of $6208.65."

In support of this assignment he presents one proposition of law:

"Where exact costs are established for labor and materials furnished in improving the defendants' property the plaintiff may not recover a judgment enforcing a mechanic's lien for sums in excess of such amounts."

It seems to be defendant's position that in the instant case "reasonable value" is synonymous with actual costs, and that such costs are the true measure of the benefit conferred. In other words the defendant is contending that it did not cost the plaintiff as much to do the work as the judgment allowed him, and that he is not entitled to

a lien on the premises for more than the actual cost thereof.

Plaintiff on the other hand maintains that "reasonable value of work, not cost thereof, is true measure of damages", and that the court's finding fixing this value at $14,400, being supported by competent evidence, should not be disturbed on appeal.

■ At the outset it should be noted that cases such as Lanier v. Lovett, 25 Ariz. 54, 213 P. 391, cited by defendant, dealing with the amount of the lien to which a subcontractor—not in privity with the owner of the property—is entitled are not in point as to recovery between contracting parties. Section 62–201, A.C.A.1939, supra, establishing the right to mechanic's liens, specifically limits such sub-contractors' liens to "reasonable value", regardless of the contract price between the contractor and the lienor. However, as between the contracting parties, the statute does not specify the basis for determining the amount of the lien, and it is a well-established principle that upon the completion of the contract such a contractor is entitled to a lien for the contract price.

■ The criterion by which a contractor's lien is to be measured where, as here, the contract has been abandoned by consent of the parties, or without fault on the part of the contractor, is a question of first impression in this jurisdiction. We cannot agree with defendant's contention, which is supported by the cases of Withrow v. Wright, 215 Ark. 654, 222 S.W.2d 809, and Brede v. Rose, 236 Mich. 651, 211 N.W. 58, that this criterion is the actual cost of the material and labor furnished. We believe the better rule, recognized by the great weight of authority, is as stated by the Supreme Court of Alabama:

"* * * If the contract was performed in part and then abandoned by mutual consent of the parties, and benefits from the labor of plaintiff were accepted by the defendant, and they did not or could not agree on the amount due for the labor performed under it, then the *plaintiff could recover* under counts 1 or 2 for the *reasonable value of the work or labor done by him* on the house under the written contract, *and have a lien established on the house and lot therefor* * * *." Wigfield v. Akridge, 207 Ala. 560, 93 So. 612, 613. (Emphasis supplied.)

For other authority on the proposition that "reasonable value" controls, see Surf Properties v. Markowitz Bros., Fla., 75 So.2d 298, and cases there cited. We hold plaintiff was entitled to a lien for the "reasonable value" of the work done and materials supplied, and not merely the "actual cost" thereof. Cf. Timber Structures v. C. W.

S. Grinding & Machine Works, 191 Or. 231, 229 P.2d 623, 25 A.L.R.2d 1358.

In view of this holding we need consider only whether the judgment awarded by the court is supported by competent evidence of its reasonableness. The test for determining reasonable value is stated in the case of Spitalny v. Tanner Const. Co., 75 Ariz. 192, 200, 254 P.2d 440, 446:

"* * * the measure of the value of the services rendered must be the value to the defendants, *not the cost to the plaintiff* in peforming such services. * * *" (Emphasis supplied.)

Applying this test to the problem here presented it is manifest that the testimony, so strongly relied upon by defendant, as to the actual cost of the services performed by plaintiff, is only one factor to be considered and this factor alone is in nowise conclusive. The record in the instant case is replete with testimony of recognized experts in the construction field that the services performed and materials furnished by plaintiff were of the reasonable value of at least 18¢ per square yard, which was the figure used by the trial court in computing the amount plaintiff was entitled to recover.

Judgment affirmed.

LA PRADE, C. J., and WINDES, PHELPS, and STRUCKMEYER, JJ., concurring.