HYDE *v.* TAYLOR.

5-2717                                                        357 S. W. 2d 289

Opinion delivered May 21, 1962.

*Cecil Grooms,* for appellants.

*Rhine & Rhine,* for appellee.

PAUL WARD, Associate Justice. Appellee, H. P. Taylor, entered into a written contract with appellants to build them a house on their land for $12,000. After the house was completed appellants refused to pay appellee the contract price and this litigation followed.

Appellee filed a complaint in chancery alleging that between May 5, 1960 and October 18, 1960 he constructed a dwelling for appellants, furnishing labor and materials in the total sum of $12,000 as shown in an attached exhibit; that there is past due the sum of $6,496.88; and that on January 16, 1961 (being less than 90 days after the last item of materials and labor was furnished) he filed a material and laborman's lien as required by law. The prayer was for judgment in the amount stated and for a statutory lien on the dwelling and lands.

Appellants first filed a motion to dismiss the above complaint on the ground of *res judicata* which motion was denied. Then they filed an answer again raising the plea contained in the motion, and also stating that more than 90 days had elapsed after the last item of labor and materials was furnished before the lien was filed.

After a full hearing the chancery court found the issues in favor of appellee and entered a decree to that effect. Appellants here present their contentions for a reversal under four separate points. These points will

be discussed in the order presented. The pertinent evidence will be considered as we discuss each separate point.

*One.* Appellants seriously contend that appellee furnished no materials and did no work within 90 days prior to filing his lien in the circuit clerk's office on January 16, 1961. Appellee says he did the last work on the house on October 18, 1960, and appellants say the last work was done (or materials furnished) on October 5, 1960. The issue under this point is clear cut and, of course, the trial court must be sustained unless we find its decision is against the weight of the evidence. The trial court made the specific finding that appellee "did on the 16th day of January, 1961, before the expiration of ninety (90) days from the date of supplying the last item of materials and labor file a Material and Laborman's Lien. . . ." Appellee testified emphatically that the last item of work or materials furnished on the job was October 18, 1960. He stated he bought material in the amount of $3.45 on the above date and took it out to the house to fix the tile in the hall and further testified that Mr. Hyde (appellant) knew about it. This testimony was corroborated by a statement on the letterhead of Hickson, Inc. (building materials) signed by the secretary. It reads: "I hereby certify that the last material purchased by H. P. Taylor for use on the Aaron Hyde residence was invoice No. 25644 in the amount of $3.43, dated October 18, 1960". All the above was contradicted by Mr. Hyde who stated that the last work appellee did on the house was on October 5, 1960. He further stated that the cement appellee purchased on October 18 was not used on his house. On cross examination Mr. Hyde admitted he was not at the house every minute, but said he was there ten times more than appellee.

In view of the conflicting evidence we are unwilling to superimpose our judgment over that of the chancellor. The chancellor could have arrived at his decision on the basis that there was an honest mistake on the part of appellants, or he may have viewed the testimony as

irreconcilable. In either event he was in a better position to arrive at the true facts than are we.

*Two.* The defense of *res judicata* was based on the facts and circumstances set out below.

Appellee had apparently sublet part of his construction job to A. D. Johnson (dba Allen's Plumbing & Heating Co.) and to Hickson, Inc. (a supplier). Having unpaid bills, each of these suppliers sued appellants and appellee for their money and sought a lien on the property. Appellee filed no answer in those actions—in fact, he said he advised the suppliers to take the action they did. By decree dated May 2, 1961, the chancery court found in favor of the two suppliers. A sale of the property was ordered, but appellants paid the judgment before the sale was held. Appellants lay particular stress on certain language in the court's decree (of May 2) to the effect that appellee had not proceeded within the time and manner required by law to establish a contractor's lien against the owner. Appellants also strongly insist that appellee, being a party to the above mentioned suits, should have asserted therein any claim he had against them.

We are inclined to the view, however, that the above mentioned litigation is not *res judicata* of the issue here presented, i. e., appellee's right to collect his money and perfect his lien. The pertinent rule in this connection has been stated many times and in many ways. In *Teasley* v. *Thompson,* 204 Ark. 959, 165 S. W. 2d 940, it is stated:

"Before appellants may successfully sustain the defense, that the former injunctive proceedings between the parties here were *res judicata* of this action, it is essential that they show that the parties and the issues in both actions were the same."

In *Carrigan* v. *Carrigan,* 218 Ark. 398, 236 S. W. 2d 579, the Court in this connection said:

" ' . . . it must appear either upon the face of the record, or be shown by extrinsic evidence, that the

precise question was raised and determined in the former suit.' "

There remain two principal issues in this litigation: the balance appellants owe appellee under the contract and how much is secured by a lien on the property. Since appellants offer *res judicata* as an affirmative defense, the burden is on them to show (by the record) that the two issues above mentioned were also issues in the previous litigation. Appellants frankly admit they cannot discharge that burden. We therefore must sustain the decision of the trial court on this point.

*Three.* Appellants say the trial court erred in refusing to transfer the cause to the circuit court. It seems this assignment is based solely on an error in the record which has been cured since their brief was filed here. The original record (before correction) showed appellee to have admitted he had no lien and that only questions of law were presented. The corrected records show the above statement in the record to be the result of an error on the part of the reporter.

*Four.* The trial court found that appellants were indebted to appellee in the sum of $5,839.24 (with interest thereon from January 16, 1961) and gave judgment accordingly. It also held that said judgment was a first lien on appellants' property. Appellants challenge the above actions of the trial court in two respects: (a) as to the amount of the judgment and (b) the extent of the lien.

(a) We are unable to say the evidence does not support the finding that appellants owe appellee the full sum of $5,839.24 (plus interest) on the contract. It is true that some of the testimony is indefinite and hard to evaluate, but we cannot say the chancellor's finding was against the weight of the evidence. Appellants have not pointed out any definite figures or testimony to indicate error.

(b) We have concluded there is no clear testimony in the record to sustain the chancellor's finding that

appellee is entitled to a lien for the full amount of the judgment. Under our holding in the case of *Withrow* v. *Wright,* 215 Ark. 654, 222 S. W. 2d 809, appellee was not entitled to a lien for his profits (if any) as a result of performing the contract. After a careful review of the record we are unable to determine with any degree of satisfaction what part of the total judgment represents labor and materials paid for by appellee or if any of it represents profits. These questions can more easily and more accurately be determined, we believe, by the trial court.

For the reasons just mentioned the cause is remanded for further proceedings. In all other respects the decree of the trial court is affirmed.