**Thomas J. McDONALD d/b/a M & M Construction Company, Appellant,**

v.

**John WELCH and Margaret Welch, Appellees.**

**No. 53951.**

Supreme Court of Iowa.

May 5, 1970.

Peddicord, Simpson & Sutphin, Des Moines, for appellant.

Dan Johnston, Des Moines, for appellees.

LeGRAND, Justice.

This is an action to foreclose a mechanic's lien against defendants' residence, which was extensively damaged by fire on December 12, 1968. Shortly thereafter defendants entered into an oral agreement with plaintiff to repair the house for a total price of approximately $6600.00, of which $6000.00 was to be paid by defendants' insurance carrier.

■ Plaintiff started the repair work on December 21, and worked intermittently until January 2, 1969, when defendants refused to permit him to continue. Although the evidence is in dispute as to the reason for the termination, we agree with plaintiff that the trial court decree—from which defendants have not appealed—establishes the termination of contract was without fault

on the part of plaintiff. The trial court made no such specific finding; but we believe it was a prerequisite to the holding that plaintiff is entitled to his mechanic's lien. 36 Am.Jur., Mechanics' Liens, sections 35–36, pages 38–39; Keys v. Garben, 149 Iowa 394, 395, 128 N.W. 337; Annotation, 51 A.L.R.2d 1009.

Plaintiff's petition as amended asks for $3306.00 as the reasonable value of services rendered and materials furnished between December 21, 1968 and January 2, 1969. The trial court awarded him only $1365.00. Plaintiff asks us to allow him the full amount he claims. We affirm the trial court.

■ I. We start with the assumption that plaintiff is entitled to a mechanic's lien and that the work done was performed in a workmanlike manner, an issue hotly contested at trial but which we take as a final adjudication because of defendants' failure to appeal. See Hanson Lumber Co. v. De Moss, 253 Iowa 204, 208, 111 N.W. 2d 681, 685. We further accept the rule that the proper measure of recovery is the reasonable value of the services rendered and materials furnished up to the date the contract was terminated. Both plaintiff and defendants urge this rule, relying on Knudson v. Bland, 253 Iowa 614, 619, 113 N.W.2d 242, 245, and citations; Parker v. Holmes, 79 Ariz. 82, 284 P.2d 455, 457, 51 A.L.R.2d 1005; Jacobs v. Jones, Colo., 423 P.2d 321, 322. See Annotation, 51 A.L.R.2d 1010(2) (a) for other cases supporting this view.

We are confronted, then, with a single issue to be decided on this de novo appeal. What is the reasonable value of the services rendered and materials furnished by plaintiff?

We point out the authorities heretofore cited, including our Knudson v. Bland opinion, distinguish between *reasonable value* to the owner and *actual cost* to the contractor. It is the former to which the plaintiff is entitled.

The question is exclusively one of fact and depends entirely upon the proof to support the claim. There was voluminous testimony concerning the work done and numerous exhibits were introduced. However, in the last analysis plaintiff relies on his exhibit 13. This exhibit was prepared some three or four months after the contract was terminated and lists each item for which he seeks payment. It adds up to a total of $3684.00. Later the amount was reduced to $3301.00 by elimination of the bill for electrical work, which defendants had paid directly to the electrical contractor.

Plaintiff's proof at its best is contradictory and unsatisfactory. Of the amounts shown on exhibit 13 some are of questionable propriety. Others appear to be duplications, and still others, particularly labor claims, are admittedly incorrect both as to the amount charged and the hours worked.

Much of plaintiff's trouble may be traced to inexperience as a contractor. Although only involving $6600.00 this was his "biggest job." He had neither the equipment nor the financing to handle it. He had no tools or equipment, no regular employees, no insurance coverage. All these were furnished by a friendly competitor, Joseph Gazzo, who also gave plaintiff money and advice, particularly the latter.

Plaintiff did not even have such day-to-day items as buckets, shovels, brooms, cleaning rags, saws, safety helmets, goggles, barrels, picks, wrecking bars, hammers, ladders, drop cloths, gloves, and small hand tools.

Plaintiff literally kept books out of his pocket. He has virtually no records, no cancelled checks showing payments, few receipts. The inevitable result is a failure of proof.

We detail a few things from exhibit 13 to show the unsatisfactory nature of the evidence. Although plaintiff advertised he made free estimates—which was one of the reasons defendants sought him out—exhibit

13 contains a charge of $85.00 for making an estimate. When questioned about this, plaintiff's only explanation was, "The advertising for free estimates did not pertain to fire jobs. * * *"

One material bill was charged to defendants at $331.00, although the receipt shows it should have been $227.00. Another was billed to defendants at $72.00 when the correct amount was $17.00. Plaintiff employed three or four persons for common labor and the evidence shows they were paid $2.00 an hour. However, they were listed as having received either $3.00 or $3.50 per hour. In each instance, too, the hours for which defendants were charged exceeded those for which the men were paid. For one laborer plaintiff charged defendants $51\frac{1}{2}$ hours, but could show only 34 hours worked; for another he charged 57 hours, but the evidence was limited to $40\frac{1}{2}$; and for himself he listed 76 hours instead of the 44 for which he could account.

Plaintiff also insists he is entitled to a 25 percent markup on both labor and material for profit.

Although the authorities are split on the propriety of allowing profit as a lienable claim under statutes like ours which afford liens "to secure payment for material or labor furnished or labor performed" (section 572.2, Code), we do not appear to have had this question on the precise facts now before us. In A & R Concrete & Construction Co. v. Braklow, 251 Iowa 1067, 1073, 103 N.W.2d 89, 92, we held profit was an allowable item in a cost plus contract. See 57 C.J.S. Mechanics' Liens § 49, page 540.

In the present case, however, we must measure plaintiff's lien by the reasonable value of material furnished and labor performed.

Other jurisdictions have split on the question. Some hold statutes similar to ours do not permit profit to be included in the value of work done or material furnished. Withrow v. Wright, 215 Ark. 654, 222

S.W.2d 809, 811, and Hyde v. Taylor, 235 Ark. 113, 357 S.W.2d 289, 292. However, a contrary result was reached in Bangor Roofing & Sheet Metal Co. v. Robbins Plumbing Co., 151 Me, 145, 116 A.2d 664 and Rebisso Inc. v. Frick, 159 Ohio St. 449, 112 N.E.2d 651, 654; House v. Fissell, 188 Md. 160, 51 A.2d 669, 672; Timber Structures v. C. W. S. Grinding & Machine Works, 191 Or. 231, 229 P.2d 623, 628, 25 A.L.R.2d 1358; Annotation, 51 A.L.R.2d 1005, 1015 (2) (c).

██ We believe the better rule permits a profit to be included as part of the reasonable value of material furnished and labor performed if there is evidence to support such a claim. Here again plaintiff's evidence fails, and we can find no basis upon which a profit could be fixed.

Perhaps this is best shown by Mr. Gazzo's testimony as follows:

"The figure before * * * profit is added already contains some profit. There is profit there that is not marked profit. It is our system. The figure * * * already contains profit and then we add more so there is profit not marked as profit."

We decline to rely on such testimony as proof of what a "reasonable profit" should be. We therefore hold plaintiff is not entitled to an allowance for profit under this record.

Plaintiff's total work covered a span of eight days. Except for one substantial item of replacing sheet rock, it consisted almost entirely of clean-up and demolition work to rid the premises of debris before repairs could be made. The labor used was principally common labor. As already mentioned plaintiff has virtually no records to support his claims. His testimony as to work done and man hours spent is disputed by defendants, who actually kept better records on a home calendar than plaintiff did for business purposes. In many instances plaintiff's evidence simply lacks credibility.

██

As illustrative of the stuff from which plaintiff's proof is made, we quote a few of his answers from the record:

"A lot of the receipts were lost;" "I wrote one or two checks, and the rest was paid out of my pocket;" "I do not have a receipt or a check or a business record of any kind [as to payment of laborers];" "Some of them [laborers] I paid cash. I do not have a record of that;" "I do not have all the records [for the time] I worked down there."

There is more but that is enough to show what the trial court had to go on.

In mechanics' lien cases, involving as they do numerous charges and counter charges which depend entirely on the credibility of the parties, we have frequently held the trial court is in a more advantageous position than we to put credence where it belongs. Huffman v. Hill, 245 Iowa 935, 938, 65 N.W.2d 205, 206; Peterman v. Hardenbergh, 250 Iowa 931, 933, 97 N.W.2d 152, 153; Hanson Lumber Co. v. De Moss, 253 Iowa 204, 208, 111 N.W.2d 681, 685. See also Van Dyck Heating & Plumbing Co. v. Central Iowa Building Co., 200 Iowa 1003, 1009, 205 N.W. 650, 652, concerning plaintiff's burden to prove the accuracy of his claim by adequate records.

██ We believe the trial court was fair in its allowance to plaintiff for work done. Plaintiff has not shown by a preponderance of the evidence he is entitled to more. We are not faced with the necessity of determining if he should have less because defendants have not appealed.

██ II. Plaintiff also complains because the trial court apportioned costs one-half to each party. This is an equitable action and we have several times held that the trial court has considerable discretion in apportioning costs in such cases. Section 625.3, Code of Iowa; McGarry v. Mathis, 226 Iowa 37, 46, 282 N.W. 786, 790; Livingston v. Davis, 243 Iowa 21, 34, 50 N.W.2d 592, 600; Casler Electric Company v. Carlsen, 249 Iowa 289, 296, 86 N.W.2d 682, 687.

It might well be that we would have made some other assessment of costs, but we are not inclined to find that the one determined by the trial court constituted an abuse of his discretion. The costs on appeal are taxed entirely to plaintiff.

The decree of the trial court is affirmed.

Affirmed.

All Justices concur, except MOORE, C. J., who takes no part.